J-A33035-14

2015 PA Super 21

| | | |
|---|---|---|
| NIAJAH DEEDS, A MINOR BY HER LEGAL GUARDIAN, JULIA RENZULLI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PENNSYLVANIA MEDICAL CENTER, HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA AND TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA | : | |
| | : | |
| Appellees | : | No. 755 EDA 2014 |

Appeal from the Order of January 28, 2014,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  2558 May Term, 2011

BEFORE:  LAZARUS, WECHT, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING OPINION BY STRASSBURGER, J.:

**FILED JANUARY 30, 2015**

I disagree that Deeds is entitled to a new trial; accordingly, I respectfully dissent and offer the following analysis.[1]

First, I disagree with the Majority that Deeds is entitled to a new trial on the basis that there were alleged violations of the collateral source rule. Any prejudice resulting from the introduction of the concept of Medicaid or the idea that Deeds' caregivers were not paying for Deeds' care, would occur only in the amount of damages awarded to Deeds.  Here, the jury found that

---

[1] I agree with the Majority that Deeds' third allegation of error regarding Dr. Perry's testimony does not warrant a new trial.

* Retired Senior Judge assigned to the Superior Court.

the Appellees were not liable for Deeds' injuries. Thus, they never reached the issue of damages, so no prejudice resulted.

I also disagree with the Majority that having two attorneys question Deeds' witnesses was reversible error. The Majority concluded that it was the superfluous counsel for Trustees who "transgressed the collateral source rule on at least three occasions, transgressions which form the basis for the award of a new trial in this case." Majority Opinion, at 14. Having already concluded that Deeds was not prejudiced by these alleged transgressions, I also conclude that Deeds is not entitled to a new trial on the basis of trial court error in permitting counsel for Trustees to participate.

To the extent that the Majority concluded that Deeds was entitled to a new trial solely on the basis that the trial court erred in permitting both counsel to "'tag team' Deeds at trial while representing the same interest[,]" I also disagree. *Id*. Deeds points to no specific prejudice it suffered, other than the verdict itself, which could not possibly be considered evidence of prejudice as Deeds suggests. In the instant case, the trial court determined that Deeds' last minute request to exclude counsel for the Trustees was too late. Pursuant to Pennsylvania Rule of Civil Procedure 223, such a decision was within the trial court's discretion, and I see no reason in the record for such decision to be reversed.